IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MICHAEL SAVIOR                    :         CIVIL ACTION
                                  :
           v.                     :
                                  :
SUPERINTENDENT OF HUNTINGDON      :
SCI, et al.                       :         NO. 11-5639

ORDER

           AND NOW, this 20th day of September, 2012, upon

consideration of Michael Savior's petition for writ of <u>habeas</u>

<u>corpus</u> pursuant to 28 U.S.C. § 2254 (docket entry # 3),

respondents' response thereto (docket entry # 7), United States

Magistrate Judge Jacob P. Hart's Report and Recommendation ("R&R")

(docket entry # 10), Savior's objections (docket entry # 14) and

supplemental objections to the R&R (docket entry # 15), and

respondents' response to Savior's supplemental objections (docket

entry # 17), and the Court finding that:

           (a)  We will adopt and approve all of Judge Hart's R&R

with the exception of Part II.A[1];

---

[1] Part II.A of Judge Hart's R&R addresses procedural
default prior to the Supreme Court's recent decision in <u>Martinez</u>
<u>v. Ryan</u>, 132 S. Ct. 1309 (2012).  For the reasons that follow,
Judge Hart's R&R still warrants our approval and adoption.

(b)   Savior does <u>not</u> object to Part II.B of Judge Hart's R&R which addresses, on the merits, Savior's sole <u>habeas</u> <u>corpus</u> claim: ineffective assistance of trial counsel;

(c)   The R&R recommends that Savior's petition should be denied because the merits of his ineffective assistance of trial counsel claim was adjudicated on the merits in the Superior Court and that court's decision was neither "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" nor did it "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding", <u>see</u> 28 U.S.C. § 2254(d); R&R 6-7;

(d)   Savior's objections and supplemental objections ignore the Superior Court's and Judge Hart's merits-based treatment of his ineffective assistance of counsel claim, <u>compare</u> Objections ¶ 7, and Supplemental Objections ¶¶ 16 ("This Honorable Court [must] recognize that the Superior Court did not address the merits of the ineffectiveness of counsel (trial counsel claim) and under <u>Martinez v. Ryan</u>, this Court should decide the ineffectiveness claim made on the pitiful performance of trial counsel"), <u>with</u> R&R 6-7 (rejecting on the merits Savior's

ineffective assistance of trial counsel claim and citing the Superior Court of Pennsylvania's decision also rejecting this claim on the merits), and Respondents Resp. Ex. J at 6 (March 30, 2011 Superior Court of Pennsylvania Memorandum) (holding that the claim was procedurally defaulted but alternatively holding that "[e]ven if the claim were not waived, it would be without merit");

(e)   Judge Hart thus offered independent and unobjected-to grounds for denying Savior's habeas corpus petition that we need not review de novo, see Local R. Civ. P. 72.1 IV(b) ("written objections . . . shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections");

(f)   After careful and independent review of unobjected-to Parts I, II.B, and III (improperly labeled IV) of Judge Hart's well-reasoned R&R, he properly examined all issues of fact and law relevant to the disposition of Savior's petition; and

(g)   Consequently, we will approve and adopt Judge Hart's recommendation that Savior's petition be denied on the merits;

It is hereby ORDERED that:

1.   The Clerk of Court shall TRANSFER this case from our Civil Suspense docket to our Active docket;

3

2.   The Report and Recommendation (docket entry # 10) is APPROVED and ADOPTED except for Part II.A;

3.   Savior's petition for writ of <u>habeas</u> <u>corpus</u> pursuant to 28 U.S.C. § 2254 (docket entry # 3) is DENIED;

4.   Savior having failed to make a substantial showing of the denial of a constitutional right, we decline to issue a certificate of appealability; and

5.   The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

<u>/s/ Stewart Dalzell, J.</u>

4